**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robin F. WILLS, Defendant–Appellant.**

**No. 88–3291.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 1989 *.

Decided Aug. 9, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

John C. Lynn, Lynn, Scott, Hackney & Jackson, Boise, Idaho, for defendant-appellant.

George W. Breitsameter, Asst. U.S. Atty., Boise, Idaho, for plaintiff-appellee.

Before FARRIS, NOONAN and LEAVY, Circuit Judges.

## OVERVIEW

LEAVY, Circuit Judge:

Robin Fredrick Wills appeals his sentence following his guilty plea to one count of credit card fraud under 18 U.S.C. § 1029(a)(2) (Supp. II 1984). Wills contends that under the sentencing guidelines the trial judge had no discretion but to order that Wills serve his sentence consecutively to an unrelated state sentence, and that failure to advise him of this fact at his plea hearing violated Rule 11 of the Federal Rules of Criminal Procedure. Wills also contends that the trial judge incorrectly calculated his sentence under the guidelines. We affirm.

## FACTS AND PROCEEDINGS

At the time of this offense, Wills was incarcerated at the Idaho State Correctional Institution at Boise for an unrelated state offense. Wills obtained various credit card numbers from a credit company by posing as a corporation. Through an outside co-defendant, Kimberly Ann Stark Story ("Stark"), he contacted a private investigator. Stark convinced the investigator to withdraw cash from the banks corresponding to the credit card numbers. The investigator agreed to perform the transactions after being told that Stark was working for a famous billionaire who needed to make payments to a certain woman without the information leaking out to his wife, and that the best way to do it was for the investigator to withdraw the cash, put it in his account, then make cash payments as required.

The investigator withdrew $12,000 on June 3–6, 1988, $17,500 on June 7–8, and $22,500 on June 16–22. He then transferred cash to Stark (after deducting a fee). However, the investigator grew suspicious after being asked to perform the third withdrawal and contacted the FBI. Stark was apprehended after the investigator delivered her the cash. She implicated Wills as the mastermind of the scheme. The monies from this third transaction were recovered.

A three-count indictment against Wills followed, each count corresponding to one of the transactions. Wills pleaded guilty to Count One of the indictment, and the two remaining counts were dropped pursuant to a plea bargaining agreement.

At the time of Wills' plea hearing, the Ninth Circuit had held the recently-enacted sentencing guidelines unconstitutional. *Gubiensio–Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988), *vacated and remanded*, —— U.S. ——, 109 S.Ct. 859, 102 L.Ed.2d 984 (1989). At the plea hearing, the trial judge informed Wills of the maximum penalty for his offense outside the guidelines and informed him of the relevant factors that would be considered under the guidelines. The judge did not inform Wills that a sentence under the guidelines would run consecutively to the sentence Wills presently served.

At the sentencing hearing, the judge sentenced Wills to a consecutive sentence of 41 months under the guidelines and, in case the Supreme Court held the guidelines unconstitutional, to ten years under 18 U.S.C.

§ 1029. Wills' sentence under the guidelines was partly calculated by considering Wills' offenses as exceeding $50,000.

## STANDARD OF REVIEW

Since Wills contends that his sentence is invalid as a matter of law, review is de novo. *United States v. Jaramillo-Suarez,* 857 F.2d 1368, 1369 (9th Cir.1988). The district court's findings of fact underlying the sentence determination are reviewed for clear error. 18 U.S.C. § 3742(d) (Supp. II 1984).

## DISCUSSION

### I. VALIDITY OF THE GUILTY PLEA

The Supreme Court upheld the validity of the sentencing guidelines after the district court sentenced Wills. *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). Wills therefore does not challenge the validity of the guidelines in this appeal. Instead, Wills contends that his guilty plea is invalid because he was not informed, at his plea hearing, that the trial judge had no discretion but to order that Wills' sentence for this offense be served consecutively to the state sentence Wills currently served.

#### A. Rule 11

Wills argues the trial judge had to inform him, before accepting his plea, that any resulting sentence would be consecutive to his state sentence. Rule 11(c) of the Rules of Criminal Procedure states that

[b]efore accepting a plea of guilty ... the court must address the defendant personally in open court and inform the defendant of ... the following: (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term and, when applicable, that the court may also order the defendant to make restitution....

The Rule nowhere requires that a defendant be advised that the applicable sentence for the offense charged must be imposed consecutively, if such is the case. Nevertheless, this court has held that, to satisfy the due process requirement that the plea be voluntary, "a defendant is entitled to be informed of the direct consequences of the plea," although it is not necessary to inform him of "all possible collateral consequences." *Torrey v. Estelle,* 842 F.2d 234, 235 (9th Cir.1988) (citation omitted).

A "direct consequence" of a plea presents "a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id.* at 236 (citations omitted). Thus, a defendant must be informed of a mandatory special parole term. *United States v. Harris,* 534 F.2d 141, 142 (9th Cir.1976). On the other hand, if the matter is discretionary, it is "collateral." *Sanchez v. United States,* 572 F.2d 210, 211 (9th Cir.1977) (defendant need not be informed of possibility of parole revocation since "parole board has authority separate and distinct from that of the sentencing judge and may in its discretion determine whether the remainder of petitioner's preexisting sentence will be consecutive to or concurrent with the new sentence imposed by the trial judge.").

Thus, both parties seem to agree that this issue turns on whether, in this case, the trial judge had discretion to impose a consecutive or concurrent sentence. If the judge had no discretion, the plea was invalid because the consecutive sentence was a direct consequence of the plea of which the defendant had to be informed. *See United States v. Meyers,* 451 F.2d 402, 404–05 (9th Cir.1972).

#### B. Title 18, Title 28, and the guidelines

Wills correctly points out that the guidelines and the applicable federal statute, i.e. 18 U.S.C. § 3584(a) (Supp. II 1984), conflict as to whether the trial judge has discretion to impose a concurrent or consecutive sentence.[1] Additionally, the statutes delegat-

---

**1.** This conflict has already been noted in the literature. *See Practice Under the New Federal*

ing power to the Sentencing Commission to promulgate the guidelines, 28 U.S.C. §§ 991–998 (Supp. II 1984), also seem to conflict with section 3584(a).

(1) Section 3584(a), providing for imprisonment for multiple sentences, provides that

> if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms *may* run concurrently or consecutively.... Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a) (emphasis added).

(2) Section 994(a), regarding the duties of the Sentencing Commission, provides in part: "The Commission ... shall promulgate ... (1) guidelines ... for use of a sentencing court in determining the sentence to be imposed in a criminal case, including ... (D) a determination whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively[.]" 28 U.S.C. 994(a)(1)(D).

(3) Section 994(b)(1) provides that "[t]he Commission, in the guidelines promulgated pursuant to subsection(a)(1), shall, for each category of offense involving each category of defendant, establish a sentencing range that is consistent with all pertinent provisions of Title 18, United States Code." 28 U.S.C. 994(b)(1).

(4) Finally, guideline 5G1.3 provides that, "[i]f at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) *shall* run consecutively to such unexpired sentences." United States Sentencing Commission, Sentencing

Guidelines and Policy Statements § 5G1.3 (April 13, 1987) (emphasis added). The Commission's commentary states that this guideline "reflects the statutory presumption that sentences imposed at different times ordinarily run consecutively. *See* 18 U.S.C. § 3584(a)." *Id.*

Wills urges that because the trial judge chose to sentence him under the guidelines, this court should hold that he acted without discretion, and that therefore he violated Rule 11. We disagree.

■ We hold that a judge has discretion to impose a concurrent or consecutive sentence, as a matter of law, under section 3584(a). First, section 3584(a) unambiguously confers that discretion upon the trial judge. Although section 994(a)(1)(D) apparently would allow the Commission to eliminate the discretion, section 994(b)(1) requires that the Commission's guidelines be consistent with the provisions of Title 18, which include section 3584(a). If the guidelines are to be consistent with Title 18, the discretion cannot be taken away.

Second, although the language of the guidelines would deprive the judge of discretion, the Sentencing Commission's commentary suggests that the guidelines are not meant to change section 3584(a), but rather to reflect it.[2]

Also, under this reading of the statutes, the sentencing scheme is internally consistent. A contrary construction of these provisions maximizes conflict, since it would pit section 994(a)(1)(D) and guideline 5G1.3, which would eliminate judicial discretion, against sections 994(b)(1) and 3584(a), which would allow it. No statutory provision can be said to control over the other because enacted last in time; all the statutes were part of the Comprehensive Crime Control Act, Pub.L. 98–473, §§ 212, 98 Stat. 1987, 2000–01 (enacting 18 U.S.C. § 3584),

---

*Sentencing Guidelines,* Chap. 8 § F (Bamberger 1988).

**2.** This commentary is incorrect, however, in its conclusion that section 3584 provides a presumption in favor of consecutive sentences. Rather, section 3584 operates as a rule of construction that, when the judge is silent as to whether a sentence is to be consecutive or con-

current, if the several sentences are imposed at different times, the sentences are construed as consecutive sentences. But the judge could, by expressing otherwise, change that result. *See* section 3584(a). *See also* S.Rep. No. 225, 98th Cong., 2d Sess. 127 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3310.

217(a) 98 Stat.1987, 2019–20 (enacting 28 U.S.C. § 994) (1984).

Finally, the legislative history behind Pub.L. 98–473 suggests that Congress meant sections 3584 and 994 to be complementary. Section 994(a)(1)(D) was included because earlier versions of section 3584 proposed an undesirable ceiling on the maximum term of imprisonment that could be imposed for multiple offenses. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 165 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3348. However, the ceilings do not appear in the version of section 3584 that became law.

The Senate Committee on the Judiciary also believed that section 994(a)(1)(D), "when read with the revised version of 28 U.S.C. 994(*l*) [would] lead to carefully considered determinations as to the appropriateness of concurrent, consecutive, or overlapping sentences in cases of multiple offenses." S.Rep. No. 225 at 165, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3348. Section 994(*l*) allows the Commission to impose incremental penalties for multiple offenses. The same Senate report makes clear that the revised section 3584 allows the Commission to increase the penalties for multiple offenses, yet preserves judicial discretion:

> [18 U.S.C. 3584(a)] is intended to be used as a rule of construction [where] the court is silent as to whether sentences are consecutive or concurrent, in order to avoid litigation on the subject.... Ordinarily, under the guidelines system, if the court is sentencing for multiple offenses at the same time, the guidelines will specify an incremental penalty by which some portion of the sentence for the first offense is added to the sentence for each similar offense. Thus, for example, if the term of imprisonment recommended in the guidelines for one offense is two years, the guidelines might recommend a sentence of two and a half or three years if the defendant was convicted of three or four such offenses. On the other hand, if the defendant was being sentenced at one time for two entirely different offenses committed at different times, the judge might think

that adding the guidelines sentences for the offenses together was appropriate, and specify fully consecutive sentences rather than overlapping ones.

*Id.* at 127, *reprinted in* 1984 U.S.Code Cong. & Admin.News at 3310 (footnote omitted).

Since the district judge had discretion to impose either a consecutive or concurrent sentence upon Wills, the resulting sentence was not a "direct consequence" of Wills' plea. The judge therefore did not violate Rule 11.

## II. OTHER ISSUES ON APPEAL

Wills' other contentions on appeal have little substance. Wills argues that the judge incorrectly increased his offense level by +5 under the guidelines by treating it as an offense exceeding $50,000. According to Wills, the judge should have considered only the actual monetary loss that his offense caused. Since the monies from the third transaction were recovered, that actual loss was only $25,000 ($12,000 plus $17,500 minus the detective's fees) or, under some unexplained calculation, $46,000. Thus, he argues, the offense level should be calculated as an offense not exceeding $50,000, resulting in a level increase of +4.

■ Wills' position is incorrect. The guidelines allow the judge to calculate the offense level by the "estimated, probable or intended loss." Guideline 2F1.1. The Committee's comment explains that "[i]n keeping with the Commission's policy on attempts, if a probable or intended loss that the defendant was attempting to inflict can be determined, that larger figure would be used as the loss." *Id.* The district court's findings of fact underlying the sentence determination are reviewed for clear error. 18 U.S.C. § 3742. Wills does not present any credible argument that it was erroneous for the trial judge to find that Wills' attempt intended to cause a loss of $52,000 ($12,000 + $17,500 + $22,500). Given the finding, the sentence was proper under the guidelines.

■ Wills also contends that the trial judge incorrectly found that he was the

leader in the commission of the offense, resulting in a +2 increase in his offense level under the guidelines. Wills, however, conceded that he had committed the offense to which he pleaded guilty, as described by the Government. The Government explained that the credit card numbers were obtained by Wills from the state prison. The description included Stark's version of events that Wills had masterminded the scheme. Thus, Wills fails to show that the finding that he masterminded the scheme is clearly erroneous.

AFFIRMED.