947 F.2d 950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael C. MEEKS, Petitioner-Appellant,
v.
James ROWLAND, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 90-55910.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 31, 1991.
Decided Nov. 4, 1991.
 
 Before FLETCHER, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael C. Meeks, a former California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We review de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and affirm.
 
 
 3
 * On April 28, 1986, pursuant to a plea agreement with the government, Meeks pleaded guilty to one count of forgery in violation of Cal.Pen.Code § 470. In exchange for Meeks's plea of guilty, the government agreed to recommend that Meeks serve either (1) a maximum of 16 months in state prison, or (2) if Meeks paid full restitution as to all counts in the indictment, a maximum of 1 year in county jail. The government also agreed that Meeks's case would be heard by Judge Albracht.
 
 
 4
 On June 19, 1986, pursuant to the plea agreement, the case proceeded to Judge Albracht's calendar for sentencing. On March 6, 1987, Meeks was sentenced by Judge Ashmann to three years probation, one of the conditions being that he pay restitution. The sentencing proceedings were conducted by Judge Ashmann because Judge Albracht had been transferred to another court. Meeks did not object to being sentenced by Judge Ashmann and did not appeal his conviction or his sentence.
 
 
 5
 On February 26, 1988, Meeks's probation was revoked and he was sentenced to two years in prison. Meeks has served his sentence for the probation violation and has been released from prison.
 
 II
 
 6
 Meeks contends that his guilty plea was not knowing and voluntary because he was not advised of the sentencing consequences prior to the plea. Specifically, Meeks alleges that had he been advised that "parole would be an additional 3 years to be served following the completion of the prison sentence, he would not have entered into the plea agreement." This contention lacks merit.
 
 
 7
 To comport with due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-243 (1969). The defendant must be aware of the nature and elements of the charges against him and the possible punishment he faces. Id. In assessing the voluntariness of a guilty plea, statements made by the defendant contemporaneously with his plea should be accorded great weight. Chizen v. Hunter, 809 F.2d 560, 562 (9th Cir.1986) (citing Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)). "Contentions that in the face of the record are wholly incredible are subject to summary dismissal." Blackledge, 431 U.S. at 74.
 
 
 8
 Moreover, due process requires that a defendant be fully aware of the direct consequences of entering a guilty plea. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986) (citing Brady v. United States, 397 U.S. 742, 755 (1970)), cert. denied, 484 U.S. 870 (1987). " '[A] defendant is entitled to be informed of the direct consequences of the plea,' although it is not necessary to inform him of 'all possible collateral consequences.' " United States v. Wills, 881 F.2d 823, 825 (9th Cir.1988) (quoting Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988)). "A 'direct consequence' of a plea presents 'a definite, immediate and largely automatic effect on the range of the defendant's punishment.' " Wills, 881 F.2d at 825 (quoting Torrey, 842 F.2d at 236). Nevertheless, if the matter is discretionary, it is a collateral consequence. Wills, 881 F.2d at 825. "In many cases, the determination that a particular consequence is 'collateral' has rested on the fact that it was in the hands of another government agency or the defendant himself." Torrey, 842 F.2d at 236.
 
 
 9
 Here, Meeks was adequately informed of the nature and consequences of his plea, including the possibility of parole. The record indicates that when he entered his guilty plea, Meeks was advised that if he was placed on probation and violated probation, he could be sentenced to three years imprisonment and thereafter would be subject to parole. Meeks was also advised that if he violated parole, he could be returned to state prison. Moreover, the possibility that Meeks would be placed on parole was not a direct consequence of his plea; whether Meeks would ever be sentenced to prison and thus subject to parole depended upon whether he paid he paid restitution, a matter within his control. Thus parole was a collateral consequence of the plea. See Torrey, 842 F.2d at 236. Accordingly, the district court properly determined that Meeks's plea was voluntary and intelligent. See Blackledge, 431 U.S. at 74.
 
 III
 
 10
 Meeks also contends that the plea agreement was breached when he was sentenced by a different judge than was promised at the plea hearing. This contention lacks merit.
 
 
 11
 At the time of the plea agreement, Meeks was informed that he would be sentenced by Judge Albracht. Pursuant to the agreement, the case went to Judge Albracht, who granted Meeks's motion for a six month continuance. Because Judge Albracht had been transferred to another superior court during the interim, Meeks was sentenced by another judge. Meeks did not object to the alleged breach of plea agreement at the time of sentencing or on appeal. Moreover, he has waited nearly three years before raising the issue on collateral attack. Nor has Meeks shown that he was prejudiced by being sentenced by another judge. Given these circumstances, Meeks is not entitled to habeas relief.
 
 IV
 
 12
 Meeks also contends that he was not given adequate notice and opportunity to refute the charges against him at the probation revocation proceedings.[1] This contention lacks merit.
 
 
 13
 A review of the record indicates that the minimum due process requirements for revocation of probation were met in this case. See Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). When Meeks was sentenced to probation he was advised that as a condition of probation, he was required to pay restitution. Meeks had notice that another hearing would be conducted to determine whether he had fulfilled the conditions of his probation. At the probation revocation hearing, Meeks was represented by counsel and had the opportunity to present relevant information.
 
 
 14
 After determining that Meeks had failed to pay restitution, the state court judge revoked probation and sentenced him to two years imprisonment. The transcript of the state court's remarks provides an adequate written statement as to the evidence relied upon and the reasons for revoking probation. Because Meeks was afforded the minimum due process requirements before his probation was revoked, the district court properly denied this claim.
 
 V
 
 15
 Finally, Meeks claims that it was error for the prosecutor, rather than the trial judge, to advise him of his constitutional rights at the plea hearing. Meeks did not present this claim to the district court. Accordingly, we will not consider this claim on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987); Ahlswede v. Wolff, 720 F.2d 1108, 1109 (9th Cir.1983), cert. denied, 469 U.S. 873 (1984).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Meeks's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is unclear from the record whether Meeks is serving parole on the forgery conviction or on unrelated charges. Therefore, we cannot determine whether this claim is moot. Furthermore, in his opening brief, Meeks states that his conviction could be used to impeach his credibility in the two civil cases he has pending. Thus, because Meeks challenges the validity of his conviction and because he still faces collateral consequences of his conviction, this section 2254 petition is not moot. Evitts v. Lucey, 469 U.S. 387, 391 n. 4 (1985)