956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John TREFREN, Defendant-Appellant.
 No. 91-35390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 26, 1992.*
Decided March 4, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Trefren, a federal prisoner, appeals pro se the district court's dismissal of his petition for relief under 28 U.S.C. § 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 Voluntariness of Guilty Plea
 
 3
 Trefren contends that he did not knowingly and voluntarily plead guilty because his plea was induced by a breached promise that his federal sentence would run concurrent to his existing state sentence. This contention lacks merit.
 
 
 4
 To comport with the guarantees of due process, a guilty plea must be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The accused must understand the nature and elements of the charges against him; the possible punishment he or she faces; and that he or she is waiving the constitutional privileges to avoid compulsory self-incrimination, to confront his or her accusers, and to a trial by jury. Id. Although a defendant must be informed of the direct consequences of the plea, due process does not require that he be informed of " 'all possible collateral consequences.' " United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989) (quotation omitted). When the district court has discretion to impose a federal sentence concurrently or consecutively, the imposition of a consecutive sentence is a collateral consequence of the plea. Id. at 825-27.
 
 
 5
 Here, the district court had the discretion to impose Trefren's sentence consecutive to or concurrent with the state sentence. See id. at 826. The record indicates that the district court thoroughly questioned Trefren regarding the Boykin factors before accepting Trefren's guilty plea. Moreover, Trefren told the district court that he understood that he could not change his guilty plea if the district court accepted it. He also informed the court that no promises had been made to him outside of the terms of the plea agreement. At the first sentencing hearing, Trefren's attorney informed the court that Trefren thought his federal sentence would run concurrently with his state sentence. The court told Trefren that it "would consider allowing him to withdraw his plea" and continued the sentencing hearing. During the subsequent sentencing hearing, Trefren was given an opportunity to speak and did not dispute the voluntariness of his plea. No motion to vacate the plea was made. Under these circumstances, Trefren knowingly and voluntarily pleaded guilty. See Boykin, 395 U.S. at 242-43; Wills, 881 F.2d at 825-27.
 
 Ineffective Assistance of Counsel
 
 6
 Trefren contends that he was denied effective assistance of counsel because his counsel (1) did not ensure that the district court followed the specifications of the plea agreement, (2) did not appeal Trefren's plea agreement, and (3) discouraged Trefren from changing his guilty plea. These contentions lack merit.
 
 
 7
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). When a defendant pleads guilty there are no grounds for direct appeal except for sentencing issues, which may be raised in a 28 U.S.C. § 2255 motion. United States v. Lewis, 880 F.2d 243, 246 (9th Cir.1989). A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim for ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 8
 Here, the record indicates that the district court specifically told Trefren that it was not bound in any way by the plea agreement. Moreover, Trefren indicated in open court that his guilty plea was not the result of coercion and threats, or any promises not specified in the plea agreement. Defense counsel's recommendation that Trefren plead guilty was a tactical decision based on the fact that the prosecutor agreed to drop count nine of Trefren's indictment if Trefren pleaded guilty to count one. Accordingly, Trefren received effective assistance of counsel. See Strickland, 466 U.S. at 687; Lewis, 880 F.2d at 246; Santos, 741 F.2d at 1169.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Trefren's motion to file a supplement to his reply brief is denied