963 F.2d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sergey PROSHAK, Defendant-Appellant.
 No. 91-10316.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided May 1, 1992.
 
 Before SCHROEDER, LEAVY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sergey Proshak was sentenced by the district court to a twenty-four month term of imprisonment after pleading guilty to uttering counterfeit obligations and possession of a fraudulent passport in violation of 18 U.S.C. § 472, 1546(a). Proshak appeals his sentence, arguing that the district court abused its discretion by ordering that the federal sentence run consecutively with his California probation violation sentence.
 
 
 3
 Under the defendant's theory, he received a more severe sentence because he was first sentenced in California state court for the probation violation, and then sent back to Arizona for sentencing for the federal crime. Pursuant to Sentencing Guidelines § 4A1.1, the federal district court assigned him six criminal history points for the sentences imposed in California.[1] The additional points gave him a criminal history category of "V" (24-30 months) instead of "IV" (18-24 months). The district court accepted the government's recommendation that Proshak be sentenced from the low end of the Guideline range, and ordered that he serve 24 months under the "V" criminal history category.
 
 
 4
 Proshak concedes that the district court was legally obliged to assess the additional criminal history points, but argues that in light of his situation, the district court abused its discretion by ordering that the federal sentence run consecutively with the state sentences. There is no merit to this argument. The district court had discretion to impose a concurrent or consecutive sentence, as a matter of law, under 18 U.S.C. § 3584(a). United States v. Wills, 881 F.2d 823, 824-26 (9th Cir.1989). The Comprehensive Crime Control Act of 1984 incorporates a presumption in favor of consecutive sentencing. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). Further, this circuit recently resolved an apparent intra-circuit conflict by holding that judges have full authority to order that sentences run consecutively. United States v. Hardesty, No. 90-30260, slip. op. at 2303 (9th Cir. March 10, 1992).
 
 
 5
 The district court was aware that Proshak had received the maximum possible state sentence following his probation violation. Both Proshak and his counsel argued that additional time was not warranted. The district court weighed this information, imposed a sentence at the low end of the Guidelines, but refused to impose a federal sentence that would run concurrently with the state sentences. Proshak's twenty-four month sentence, to commence at the conclusion of his state sentences, was within the discretionary limits of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Proshak received three criminal history points for each of the two state sentences. These "previous sentence" points were in addition to, and not in lieu of, the two points added because the crime was committed while Proshak was on probation