976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector AGUILAR, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gonzalo HERNANDEZ-RUIZ, Defendant-Appellant.
 Nos. 91-30359, 92-30003.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1992.*
Decided Sept. 17, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gonzalez Hernandez-Ruiz appeals his conviction of attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. His co-defendant, Hector Aguilar, appeals his conviction of the same crime. We affirm.
 
 FACTS
 
 3
 Hernandez-Ruiz agreed to pay Timothy Hanson $1,000 plus expenses to transport two kilograms of cocaine from Hernandez-Ruiz's residence in California to Hanson's residence in Washington. Hanson, accompanied by his friend Brown, met Hernandez-Ruiz on April 4, 1991, and the latter hid over two kilograms of cocaine in the fenders of their car. Hanson and Brown drove north, while Hernandez-Ruiz flew to Washington to meet them.
 
 
 4
 En route, customs agents intercepted the vehicle, searched it and found the two kilograms of cocaine. The cocaine was removed and replaced with a harmless substance imitating cocaine. Hanson and Brown agreed to cooperate with the federal authorities. Hanson telephoned Hernandez-Ruiz and told him his car had broken down. Hernandez-Ruiz said he would drive to the location and pick up the cocaine.
 
 
 5
 Hernandez-Ruiz recruited Hector Aguilar to go with him on this mission. By his own admission Aguilar knew that cocaine was in the car and that he was helping in the retrieval of the cocaine.
 
 
 6
 When they reached the car they discovered they did not have the right screwdriver to dismantle the front fenders. Aguilar obtained the correct screwdriver at a nearby store and Hernandez-Ruiz started to dismantle the fenders. At this point he and Aguilar were arrested.
 
 
 7
 Aguilar's defense was that he was actually an undercover agent assisting the government. Hernandez-Ruiz's defense was that the customs agents had removed the real cocaine before he arrived, so that there was no cocaine in the car when he made his effort to extract it.
 
 
 8
 On these facts both defendants were convicted of attempted possession of cocaine with intent to distribute. They appeal.
 
 ANALYSIS
 
 9
 Abundant evidence was presented that Hernandez-Ruiz had arranged the trip of Hanson and Brown and the transport of the cocaine. It was irrelevant that the agents had removed it before his arrival on the scene. He had made a sustained effort to take possession of the two kilograms for the purpose of distribution. His criminal objective was proven at trial and he is to be "treated in accordance with the facts as he supposed them to be." United States v. Quijada, 588 F.2d 1253, 1255 (9th Cir.1978).
 
 
 10
 Hernandez-Ruiz also appeals his sentence on the basis that the district court improperly converted cash earlier seized from him into drugs when computing his base offense level under the sentencing guidelines. A sentence is reviewed de novo where the defendant complains that it is unlawful. United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989). Findings of fact supporting the sentencing decision are reviewed for clear error. Id. Courts utilize U.S.S.G. § 2D1.4, Application Note 2 to authorize conversion of cash into drugs for sentencing purposes. For conversion to be proper, the court must make a finding based upon the record and by a preponderance of the evidence that the money was the proceeds of or "otherwise linked to" illegal drugs. United States v. Gonzalez-Sanchez, 953 F.2d 1184, 1187 (9th Cir.1992). Because Hernandez-Ruiz complains that the court improperly found a connection between the cash and drugs, the sentence is reviewed for clear error.
 
 
 11
 The cash which was converted for sentencing purposes was seized from a vehicle driven by Hernandez-Ruiz at a time not covered by the events of this particular case. Hernandez-Ruiz agreed to transport the car and its contents for $1500 for a person named Chato. The defendant claims he did not know the money could be drug proceeds or that other drugs might be in the car. Hernandez-Ruiz admitted upon cross-examination, however, that he was aware that Chato dealt in drugs. In a letter written to the court by Hernandez-Ruiz and admitted into evidence, he stated that he was aware of a lot of drug activity where he was asked to pick up the cargo to be transported and that he suspected drugs might have been placed in his car. Given this evidence, it was not clear error for the court to conclude that the $22,000 was proceeds of or otherwise linked to illegal drugs.
 
 
 12
 Aguilar contends that there was insufficient evidence to convict him. A defendant claiming insufficiency of the evidence faces a burdensome standard of review. The appellate court is to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 13
 Aguilar did offer evidence that he, on release from prison, had agreed to be an undercover informant for the Everett, Washington Police Department. The jury was specifically instructed that the government had the burden of proving that he was not acting as an informant. The government introduced the evidence of detective Joni Lang of the Everett Police Department that Aguilar had not performed credibly as an informant and was not following the instructions of the Everett Police Department in his dealings with Hernandez-Ruiz. The evidence was sufficient to rebut Aguilar's claim to have been working for the government.
 
 
 14
 Aguilar also claims that the district court abused its discretion in refusing to admit Hernandez-Ruiz's wallet into evidence. The wallet contained several business cards which were identical to the one submitted by Aguilar during the cross-examination of Detective Joni Lang. Lang stated that the defendant told her he received it from Hernandez-Ruiz. Aguilar testified that Hernandez-Ruiz gave him the card when they met while Aguilar was working for the Everett Police Department. Aguilar claims that having the wallet admitted into evidence would tend to corroborate his story and lend him credibility.
 
 
 15
 A trial court's decision concerning the admissibility of evidence is reviewed for abuse of discretion. United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.) cert. den'd 493 U.S. 863 (1989). Even where there has been an abuse of discretion, reversal is only appropriate where the " 'error would have more likely than not affected the verdict.' " Id. (quoting United States v. Faust, 850 F.2d 575, 585 (9th Cir.1988)). The district court judge sustained the prosecutor's objection to the evidence on relevancy grounds. Aguilar contends that the wallet and the business cards in it are relevant to prove that he received the card admitted into evidence during Detective Lang's testimony from Hernandez-Ruiz on the day and under the circumstances Aguilar claims to have received it.
 
 
 16
 While the presence of the cards in the wallet may tend to prove that Hernandez-Ruiz was the source of the card Aguilar presented, it does nothing to indicate when Aguilar received the card or in what capacity he was acting at the time. No foundation was laid as to these questions which might have rendered the evidence relevant. There was no abuse of discretion in the district court's decision to exclude the evidence. Furthermore, if there was an error, it is unlikely that it affected the outcome of the trial. Any inference the jury could have drawn from the presence of the business cards would have been negligible, thus rendering little aid to Aguilar's suffering credibility.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3