978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelvin N. DUMAS, Defendant-Appellant.
 No. 92-50218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 9, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kelvin N. Dumas appeals his sentence upon a plea of guilty to five counts of making false statements to a government agency in violation of 18 U.S.C. § 287 on the ground that the district court should have imposed a sentence to run concurrently with an undischarged state sentence. The question before us is whether the district court erred in not applying United States Sentencing Guidelines § 5G1.3(b) when it sentenced Dumas to 24 months in custody and three years of supervised release, to run consecutively with a three-year state sentence for convictions of forgery, perjury and commercial burglary. People v. Dumas, No. NA003871 (L.A. County Super.Ct., Oct. 31, 1990). We conclude that the district court did not so err, and we therefore affirm.
 
 
 3
 Title 18 U.S.C. § 3584 vests sentencing courts with discretion whether to designate terms of imprisonment as concurrent or consecutive when sentencing a defendant who is already subject to an undischarged term of imprisonment. 18 U.S.C. § 3584(a) (1988). This court has clearly held that "although Guideline § 5G1.3 appears to require concurrent sentences if the same transaction is involved, it is subservient to 18 U.S.C. § 3584(a), which makes the decision whether to impose a consecutive or concurrent sentence a matter of the trial judge's discretion." United States v. Burns, 894 F.2d 334, 337 (9th Cir.1990) (emphasis in original). See also United States v. Wills, 881 F.2d 823, 826 (9th Cir.1989) ("We hold that a judge has discretion to impose a concurrent or consecutive sentence, as a matter of law, under section 3584(a).") We find that the district court's explicit exercise of discretion in imposing on Dumas a federal sentence to run consecutive to his remaining state sentence was proper under § 3584(a). Thus, the district court did not err as a matter of law by not imposing a concurrent sentence under Guidelines § 5G1.3(b) nor giving Dumas credit for time served while in state custody.
 
 
 4
 Furthermore, the district court's decision not to apply § 5G1.3(b) was based on its findings that the "conduct underlying the state conviction was not fully taken into account as relevant conduct in this matter," and that the state and federal offenses were "separate and distinct." We hold that these findings were not clearly erroneous. Burns, 894 F.2d at 336 (findings of fact underlying a sentence determination reviewed for clear error); United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992) (decision whether extraneous conduct is same "course of conduct" as conduct underlying conviction reviewed for clear error). As the government correctly points out, the conduct underlying the state convictions was additional to the conduct underlying the federal offense, which was complete upon Dumas' filing of the false claims, and the state and federal offenses involved different victims. Moreover, the fact that in calculating the total intended loss from the false claims the probation officer included the amount of a false claim to the IRS in the name of Frank Cassano does not indicate that Dumas' federal offense level fully accounted for the state forgery conviction based on Dumas' attempt to cash the Cassano IRS refund check.
 
 
 5
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3