24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward BUGLIONE, Defendant-Appellant.
 No. 93-30057.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1994.
Decided April 21, 1994.
 
 1
 Before: POOLE and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 John Edward Buglione appeals the sentence imposed following his guilty plea to being a felon in possession of a firearm. Because he had three prior violent felony convictions, he was sentenced under the Armed Career Criminal Act ("ACCA"). Buglione challenges this sentence on the ground that one of his prior convictions was the result of an involuntary plea. We affirm.
 
 
 4
 * Under the ACCA, 18 U.S.C. Sec. 924(e), "a federal court is obliged to impose a sentence of fifteen years to life for the illegal possession of a firearm by anyone who has three prior convictions for violent felonies." United States v. Antonie, 953 F.2d 496, 497 (9th Cir.1991), cert. denied, 113 S.Ct. 138 (1992). However, courts cannot enhance a sentence based on a constitutionally defective prior conviction. See United States v. Tucker, 404 U.S. 443, 447-49 (1972). To avoid such an improper enhancement, this court has authorized defendants to attack collaterally prior convictions the trial court relies upon for sentencing. United States v. Lewis, 991 F.2d 524, 526 (9th Cir.), cert. denied, 114 S.Ct. 216 (1993). To successfully challenge his sentence under the ACCA, Buglione must affirmatively show that his prior conviction was constitutionally invalid. United States v. Mulloy, 3 F.3d 1337, 1340 (9th Cir.1993).
 
 
 5
 Buglione claims his Linn County conviction was the result of an involuntary plea. We review de novo the voluntariness of a guilty plea. United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). The Supreme Court articulated the federal constitutional standards for pleas in Boykin v. Alabama, 395 U.S. 238 (1969). Oregon codified the Boykin standards in Or.Rev.Stat. Sec. 135.385 (1991). Thus, "the analysis of the issue presented is the same under the statute and the state and federal constitutions, because defendant has 'not suggest[ed] any different analysis under the [statute and] Oregon Constitution than under the United States Constitution.' " State v. Rogers, 836 P.2d 1308, 1313 (Or.1992), cert. denied, 113 S.Ct. 1420 (1993) (quoting Dept. of Trans. v. Lundberg, 312 Or. 568, 573 n. 4 (1992)).
 
 
 6
 The Supreme Court held, in Henderson v. Morgan, 426 U.S. 637 (1976), that a "plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him.' " Id. at 645 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). We have added, "Due process requires that a defendant be apprised of the nature of the charges, including the element of intent, to which a plea of guilty is entered." United States v. Bigman, 906 F.2d 392, 394 (9th Cir.1990).
 
 
 7
 Buglione argues his plea was involuntary because the trial court never explained to him the nature of the burglary charge and particularly neglected to explain the element of intent. While the record does indicate that the trial court may not have adequately explained the elements of the crime, this omission is not sufficient to invalidate the plea. The Supreme Court added an extremely important caveat in Henderson, stating, "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." 426 U.S. at 647. See Marshal v. Lonberger, 459 U.S. 422, 437 (1983) (Court applied the Henderson presumption); United States v. Newman, 912 F.2d 1119, 1124 (9th Cir.1990). Buglione's attorney, Paul Kuebrich, testified that it was his practice and habit to discuss the nature of the charge, and particularly the intent element, with his clients. This testimony, when combined with the Henderson presumption, leads us to conclude that Buglione adequately understood the nature of the charge.
 
 II
 
 8
 The government conceded at oral argument that the trial court judge violated Or.Rev.Stat. Sec. 135.385(2)(b) by not informing Buglione that he might receive a sentence consecutive to the one he was already serving. The Oregon Supreme Court has stated that Sec. 135.385 is "a statement of Due Process Clause law developed by the Supreme Court of the United States." Stelts v. State of Oregon, 701 P.2d 1047, 1050 (Or.1985). Therefore, Buglione argues, any failure to follow the statute creates a constitutional error.
 
 
 9
 However, while most of Sec. 135.385 is a codification of the standards the Supreme Court set out in Boykin, the Boykin opinion does not mention consecutive sentences, or even maximum sentences. The Ninth Circuit has held that "to satisfy the due process requirement that the plea be voluntary, 'a defendant is entitled to be informed of the direct consequences of the plea,' although it is not necessary to inform him of 'all possible collateral consequences.' " United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989) (quoting Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988)). A "direct consequence" of a plea has "a definite, immediate and largely automatic effect on the range of the defendant's punishment." Torrey, 842 F.2d at 236. "On the other hand, if the matter is discretionary, it is 'collateral.' " Wills, 881 F.2d at 825. Thus, "[i]f the judge had no discretion, the plea was invalid because the consecutive sentence was a direct consequence of the plea of which the defendant had to be informed." Id.
 
 
 10
 The imposition of consecutive sentences in Buglione's case was a collateral consequence of his plea because it was discretionary. Thus, the trial court was not constitutionally required to inform him that he could receive consecutive sentences. While the trial court did err under Oregon law, this error was not of constitutional magnitude and does not require this court to overturn the district court's application of the ACCA.[1]
 
 
 11
 The district court's sentence is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We do not address Buglione's argument that the trial court erred by not informing him of the mandatory minimum sentence because he did not identify this issue in his opening brief and only raised it in his reply brief