64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appelle,
v.
Robert LUTZ, Defendant-Appellant.
 No. 94-16919.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 1
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Lutz appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Lutz contends that (1) the district court violated the Ex Post Facto Clause and the Due Process Clause by allegedly misapplying the Sentencing Guidelines; (2) the district court erred by denying his Sec. 2255 motion without an evidentiary hearing; and (3) the district court violated his due process rights by failing to rule on his motion for appointment of counsel or for an extension of time to file a reply brief before denying his Sec. 2255 motion. We have jurisdiction under 28 U.S.C. Sec. 2255. After a de novo review, we affirm. See United States v. Roberts, 5 F.3d 365, 368 (9th Cir. 1993).
 
 BACKGROUND
 
 4
 From August to October of 1989, Lutz sold cocaine to an undercover government agent on several occasions. From late October to November of 1989, the government operated a "reverse-sting" to sell cocaine to Lutz and his codefendants. The government first filed an indictment on November 30, 1989, charging Lutz with offenses committed during October and November (hereinafter "CR-S-89-270"). On August 20, 1990, Lutz was convicted of conspiracy to possess cocaine with intent to distribute and attempted possession with intent to distribute cocaine. The district court sentenced Lutz to 130 months of imprisonment.
 
 
 5
 On December 12, 1989, the government filed a second indictment, charging Lutz with distribution of cocaine that occurred from August to October of 1989 (hereinafter "CR-S-89-297"). Following a guilty plea on February 4, 1991, Lutz was convicted of distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and aiding and abetting in violation of 18 U.S.C. Sec. 2. Although the presentence report recommended a Sentencing Guidelines range of 63 to 78 months of custody, the district court departed downward and sentenced Lutz to 36 months. The district court did not expressly state whether the sentence was to run concurrently or consecutively to Lutz's sentence in CR-S-89-270.[1]
 
 DISCUSSION
 
 6
 A. District Court's Application of Sentencing Guidelines
 
 1. Ex Post Facto
 
 7
 Lutz argues that the district court should have applied the 1988 version of U.S.S.G. Sec. 5G1.3 when it imposed his sentence. The presentence report indicates that the 1988 version of the Sentencing Guidelines was used; thus, Lutz cannot sustain an ex post facto claim. See United States v. Garcia-Cruz, 40 F.3d 986, 987 (9th Cir. 1994) ("[w]here application of the amended version results in a harsher sentence, the district court should apply an earlier version not posing an ex post facto problem").
 
 2. Due Process
 
 8
 Lutz contends that his sentence violates due process because imposing a consecutive sentence was contrary to the language of U.S.S.G. Sec. 5G1.3. We disagree.
 
 U.S.S.G. Sec. 5G1.3 states:
 
 9
 If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentence shall run concurrently, except to the extent otherwise required by law.
 
 
 10
 U.S.S.G. Sec. 5G1.3 (1988); see also U.S.S.G. App. C, Amendment 289. Although Sec. 5G1.3 appears to require concurrent sentences if the same transaction is involved, we have held that "it is subservient to 18 U.S.C. Sec. 3584(a), which makes the decision whether to impose a consecutive or concurrent sentence a matter of the trial judge's discretion." United States v. Burns, 894 F.2d 334, 337 (9th Cir. 1990) (per curiam) (citing United States v. Wills, 881 F.2d 823, 826 (9th Cir. 1989)); see also United States v. Conkins, 9 F.3d 1377, 1385 (9th Cir. 1993) (listing factors to be considered when district court determines whether to impose consecutive or concurrent sentences).
 
 
 11
 Lutz argues that his sentence in CR-S-89-297 should have run concurrently, rather than consecutively, to his sentence in CR-S-89-270 because the offenses in the two indictments arose out of the same transaction. However, even if the offenses had arisen out of the same transaction, the district court could still have imposed consecutive sentences. See Burns, 894 F.2d at 337. Before sentencing Lutz, the district court considered the need to avoid unwarranted sentence disparities between Lutz and his codefendants, the serious nature of Lutz's offense, and the need for deterrence and rehabilitation. See Conkins, 9 F.3d at 1385.
 
 
 12
 Lutz also seems to argue that he would have received a shorter sentence under U.S.S.G. Sec. 5G1.2(b) (sentencing on multiple counts of conviction). However, unlike the amended version of U.S.S.G. Sec. 5G1.3, the 1988 version of Sec. 5G1.3 does not recommend Sec. 5G1.2 as a methodology by which a court may determine a defendant's sentence. Compare U.S.S.G. Sec. 5G1.3 (1988) with U.S.S.G. Sec. 5G1.3 (1990). Moreover, Sec. 5G1.2 was inapplicable. See U.S.S.G. Sec. 5G1.2, comment. (1988) ("[t]his section applies to multiple counts of conviction (1) contained in the same indictment or information, or (2) contained in different indictments or informations for which sentences are to be imposed at the same time or in a consolidated proceeding").
 
 B. Evidentiary Hearing
 
 13
 Since Lutz's Sec. 2255 motion does not state a claim for relief, the district court properly denied it without an evidentiary hearing. Shah v. United States, 878 F.2d 1156, 1158 (9th Cir), cert. denied, 493 U.S. 869 (1989). Furthermore, Lutz seems to concede in his reply brief that he is not relying upon matters outside the record. See 28 U.S.C. Sec. 2255 (no hearing necessary if records conclusively show that petitioner is entitled to no relief).
 
 
 14
 C. Motion for Appointment of Counsel and for Extension of Time
 
 
 15
 Lutz argues that the district court violated due process by failing to make an express ruling on his motion to appoint counsel or his request for an extension of time to file a reply brief. His argument is not persuasive.
 
 
 16
 Lutz filed a motion for appointment of counsel after receiving the government's response to his Sec. 2255 motion. Alternatively, he requested an extension of time to file a reply brief if his motion for appointment of counsel was denied.[2] Since Lutz sought counsel's aid in preparing and conducting an evidentiary hearing in relation to his Sec. 2255 motion, the district court's denial of his Sec. 2255 motion implicitly rejected his request for appointment of counsel. Such rejection was within the district court's discretion. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (in habeas corpus proceedings, district court has discretion to appoint counsel depending on petitioner's ability to articulate his claim, complexity of legal issues, and likelihood of success on merits); cf. Miles v. Dep't of Army, 881 F.2d 777, 784 (9th Cir. 1989) (in Title VII action, district court abused its discretion by failing to rule on plaintiff's request for counsel before granting government's motion to dismiss complaint).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 When the district court's judgment is "silent," the latter sentence is construed to run consecutively to any undischarged term of imprisonment. See 18 U.S.C. Sec. 3584 (1988); United States v. Wills, 881 F.2d 823, 826 n.2 (9th Cir. 1989)
 
 
 [2]
 In its order denying Lutz's Sec. 2255 motion, the district court mentioned that no timely reply brief had been filed. The government served Lutz its response to Lutz's Sec. 2255 motion on July 29, 1994. Lutz's motion for appointment of counsel was dated August 11, 1994. Although the local rules prescribe a time limit for filing a reply memorandum, a counsel may be appointed at any stage of the proceeding if the interest of justice so requires. See 18 U.S.C. Sec. 3006A(a)(2)(B); see also D. Nev. R. 140-5 (moving party has ten days after service of responsive memorandum to file and serve a reply memorandum)