141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Robert D. LATTMAN, Defendant-Appellant.
 No. 96-50690.
D.C. No. CR-95-01860-7-JNK.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided March 13, 1998.
 
 Appeal from the United States District Court for the Southern District of California Judith N. Keep, Chief District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert D. Lattman appeals his conviction following a guilty plea to conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo Lattman's claim that his guilty plea was not voluntary, see United States v. Navarro-Botello, 912 F.2d 318, 320 (9th Cir.1990), and we affirm.
 
 
 3
 Lattman contends that the provision of his plea agreement allowing him to appeal was an illusory benefit, rendering his guilty plea involuntary, because he was not informed that a district court's refusal to depart downward is appealable only in limited circumstances. This contention lacks merit.
 
 
 4
 In order for a guilty plea to be considered voluntary, the defendant must be apprised of the direct, but not the collateral, consequences of the plea. See United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989). A direct consequence is one that has "a definite, immediate and largely automatic effect" on the defendant's sentence. Id. (internal quotations omitted). By contrast, a consequence is considered collateral if it depends upon the district court's exercise of discretion. See id.
 
 
 5
 At the time Lattman entered his plea agreement with the government, the limited reviewability of the district court's refusal to depart downward had a potential effect on Lattman's sentence only if first the government and then the district court made certain discretionary decisions. Accordingly, the limited reviewability of the district court's refusal to depart downward was a collateral consequence of Lattman's guilty plea, and did not render the plea involuntary. See id.
 
 
 6
 Lattman also contends that his attorney was ineffective for failing to inform Lattman of the limited reviewability of a district court's refusal to depart downward. This contention lacks merit because Lattman has failed to demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3