UNITED STATES of America, Plaintiff—Appellee,

v.

David TORRADO, Defendant— Appellant.

No. 02-10368.
D.C. Nos. CR-00-00122-DWH, CR-96-00152-DWH.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 21, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously finds this case suitable for decision without oral argument, and denies Torrado's requests for oral argument. *See* Fed. R.App. P. 34(a)(2).

700

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

### MEMORANDUM **

David Torrado appeals the 15–month sentence imposed following revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for plain error because Torrado did not object to the district court's error at the sentencing hearing. *United States v. Benitez,* 310 F.3d 1221, 1225 (9th Cir.2002). We will find plain error only where there is: (1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 1224–25. We vacate and remand.

Contrary to the government's contention, we have jurisdiction over this appeal because the notice of appeal referred to the sentencing hearing where Torrado was sentenced for violating the terms of his supervised released and the government has not shown that it is prejudiced or misled. *See Meehan v. County of Los Angeles,* 856 F.2d 102, 105–06 (9th Cir. 1988) (holding a mistake in designating the judgment appealed from should not bar appeal as long as the intent can be fairly inferred and the appellee is not prejudiced or misled).

There is no question that the district court erred by stating that the sentence on Torrado's revocation of supervised release must run consecutive to his underlying sentence. *See United States v. Wills,* 881 F.2d 823, 826 (9th Cir.1989) (the district court retains discretion to impose a consecutive or concurrent sentence upon revoking supervised release). Furthermore, the error was clear in that because the case law was clearly established at the time of the district court's decision. *See id.; see also Benitez,* 310 F.3d at 1224–25.

The government contends the district court's error did not affect substantial rights or seriously affect the fairness of the proceedings, because the district court imposed the sentence Torrado's counsel recommended. *See Benitez,* 310 F.3d at 1225–27. We reject this contention. Torrado's counsel did not expressly request that the sentences run consecutively. Rather, it appears that he was under the same misimpression as the district court: that the sentence upon revocation of supervised release must run consecutively to the underlying sentence.

Accordingly, we vacate the district court's sentence and remand for resentencing consistent with this opinion.

**VACATED AND REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.