## UNITED STATES of America, Plaintiff–Appellee,

v.

## Ernest G. LAIL, Defendant–Appellant.

### No. 91–10226.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 1992.*

Decided April 29, 1992.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

William Weiner, San Francisco, Cal., for defendant-appellant.

Mark N. Zanides, Asst. U.S. Atty., Appellate Section, San Francisco, Cal., for plaintiff-appellee.

Before: GOODWIN, SCHROEDER and LEAVY Circuit Judges.

## OPINION

PER CURIAM:

While already serving consecutive sentences for bank robberies, defendant Ernest G. Lail, as part of a plea agreement, pled guilty to an unrelated count of mail fraud in violation of 18 U.S.C. § 1341. The district court sentenced Lail to a term of 21 months, the low end of the applicable guidelines range, but ruled that the sentence be served consecutive to his prior terms. Lail appeals the ruling that his sentence be served consecutively rather than concurrently. Because the court's decision was a discretionary refusal to depart downward under the guidelines, we dismiss the appeal.

Under the Sentencing Guidelines, if a defendant commits an offense while serving an undischarged term of imprisonment, then consecutive terms are appropriate.

> If the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense shall be imposed to run

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a). While this provision appears to require consecutive terms, the district court retains the discretion to order a concurrent term under 18 U.S.C. § 3584(a).[1] *See United States v. Wills*, 881 F.2d 823, 826 (9th Cir.1989).

*Wills* does not discuss how the discretion under § 3584(a) should be exercised within the context of the sentencing guidelines. In making a sentencing decision, § 3584(b) directs the court to consider the factors outlined in 18 U.S.C. § 3553(a). Section 3553(a) requires the court, among other things, to consider the nature of the offense, the history of the offender, the need to promote respect for the law, the need for deterrence, the need for rehabilitation, the need to avoid unwarranted disparities, as well as the guidelines and policy statements of the Sentencing Commission. Section 3553(b) authorizes courts to depart from the applicable guidelines range, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b); *see also* U.S.S.G. § 5K2.0.

In *United States v. Pedrioli*, 931 F.2d 31 (9th Cir.1991) we reasoned that discretion under § 3584(a) should be exercised in harmony with the requirements of the sentencing guidelines. Specifically, we held that when exercising § 3584(a) discretion "district courts must follow the usual departure procedures." 931 F.2d at 32. "The guideline procedures for departure require that the district court specify the ground for its decision on the record, that the court make accurate findings of fact as to that ground, that the ground for departure be based on reasonable factors not considered by the guidelines, and that the extent of the departure be reasonable." 931 F.2d at 32 n. 2.

Under the guidelines Lail should be sentenced to consecutive terms. *See* U.S.S.G. § 5G1.3(a). Although the court has discretion to order concurrent terms under § 3584(a), the decision to do so would constitute a departure from the guidelines and would have to conform with the requirements outlined in *Pedrioli*. The district court heard the defendant's arguments in favor of concurrent terms, understood that it had the authority to grant concurrent sentences and declined to do so. The court knowingly declined to exercise its discretion to depart from the guidelines. Such a decision, whether made under the guidelines or pursuant to section 3553(b), is not subject to review. *See United States v. Morales*, 898 F.2d 99, 101–02 (9th Cir.1990).

DISMISSED.

---

**1.** Section 3584(a) addresses imprisonment for multiple sentences providing in relevant part that:

> if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).