**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward John MOSS, Defendant–Appellant.**

**No. 91–10619.**

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 1992 *.

Decided Aug. 5, 1992.

of his clothing which were ruined by blood stains. *See* PSR at 4.

Julian A. Cook, III, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Franny A. Forsman, Asst. Federal Public Defender, Las Vegas, Nev., for defendant-appellant.

Before TANG, BEEZER and KOZINSKI, Circuit Judges.

PER CURIAM:

Edward Moss appeals his sentence under the United States Sentencing Guidelines ("Guidelines"), following a guilty plea, for escape in violation of 18 U.S.C. § 751(a). Moss contends that the district court erred by ordering his sentence to run consecutively to the pre-Guidelines sentence he was serving when he escaped. We dismiss the appeal.

■ A district court's discretionary refusal not to depart downward is not reviewable on appeal. *United States v. Lail,* 963 F.2d 263, 264 (9th Cir.1992).

The relevant facts are undisputed. On June 28, 1991, Moss escaped from a federal correctional institution where he was serving concurrent pre-Guidelines sentences for

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

conspiracy to import a controlled substance and a parole violation. He was arrested on July 23, 1991. He pled guilty to the escape charge. The district court sentenced him to a term of 9 months to run consecutively to his prior terms.[1] Neither party contends that the district court did not exercise its discretion by ordering consecutive sentences.

Moss contends that there should be a per se rule requiring the district court to depart downward by ordering a concurrent sentence for a defendant who commits a subsequent crime while serving a pre-Guidelines sentence. He argues that allowing the district court to exercise its discretion by ordering consecutive sentences creates an impermissible disparity among defendants serving pre-Guidelines and Guidelines sentences because the Parole Commission is almost certain to increase the time that the pre-Guidelines defendant will serve on his original sentence.

 This is an issue of first impression in this circuit. The Sixth Circuit has held that the district court may consider a defendant's pre-Guidelines sentence as a factor when "deciding to depart from the [G]uidelines by imposing a concurrent sentence." *United States v. Stewart,* 917 F.2d 970, 974 (6th Cir.1990). Nevertheless, the district court retains its discretion not to depart and to order consecutive sentences. *Id.* We agree with the Sixth Circuit and reject Moss' contention. Although the district court may consider a defendant's loss of parole eligibility as a factor in its decision whether to depart downward, it is not required to grant the departure.

Here, because the district court exercised its discretion by refusing to order concurrent sentences, we lack jurisdiction to review Moss' request for a downward departure. *See Lail,* 963 F.2d at 264.

DISMISSED.

---

1. 18 U.S.C. § 3584(a) provides in relevant part: "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."