985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fabiola MORALES-QUINTERO, Defendant-Appellant.
 No. 91-55978.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fabiola Morales-Quintero, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion to vacate her sentence. Morales pleaded guilty to conspiracy to distribute cocaine. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Morales contends that the district court erred by dismissing her section 2255 motion without an evidentiary hearing. Morales also argues that (1) her sentence was too severe, (2) she was entrapped into conspiring to distribute cocaine, and (3) her conviction for conspiracy is invalid because she cannot be convicted for conspiring with a government agent. Morales' contentions lack merit.
 
 
 4
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 5
 We lack jurisdiction to review a district court's discretionary refusal to depart downward in a sentence under the Sentencing Guidelines. United States v. Moss, 972 F.2d 273, 273-74 (9th Cir.1992) (per curiam). We also lack jurisdiction to review the district court's discretion to sentence a defendant anywhere within the applicable Guidelines range. United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990).
 
 
 6
 "A guilty plea is an admission of each and every element required to establish the offense." United States v. Kidder, 869 F.2d 1328, 1332-33 (9th Cir.1989). The guilty plea acts as an admission that the defendant had the requisite culpable intent. Id.
 
 
 7
 In deciding a section 2255 motion, a district court is only required to give a claim "careful consideration an plenary processing, including full opportunity for presentation of the relevant facts." Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.) (quotation omitted), cert. denied, 493 U.S. 869 (1989); see also 28 U.S.C. § 2255. A district court has the discretion to forgo an evidentiary hearing and rely instead on the record, which may be supplemented by the following: discovery and documentary evidence, the judge's own notes and recollection of the trial, and common sense. Id.
 
 
 8
 Here, Morales pleaded guilty to conspiracy to distribute cocaine, count one of a six-count indictment. The indictment charged that Morales conspired with at least three other named co-conspirators, none of whom were government agents, to distribute approximately 35 kilograms of cocaine. At sentencing, the district court reduced Morales' offense level by two levels for acceptance of responsibility. Morales' adjusted offense level set a sentencing range of 121 to 150 months imprisonment. The district court sentenced her to 128 months imprisonment. Following her sentencing, Morales filed a 28 U.S.C. § 2255 motion to vacate her sentence. The district court denied her motion without an evidentiary hearing stating that it was fully apprised of the relevant facts and law related to the matter.
 
 
 9
 The district court credited Morales for her acceptance of responsibility and correctly sentenced her within the applicable Guidelines range. Therefore, we cannot review the district court's decision to sentence Morales to 128 months imprisonment. See Moss, 972 F.2d at 273; Reed, 914 F.2d at 1290. Morales does not contest the validity of her guilty plea. Her guilty plea serves as an admission that she conspired with at least three other individuals to distribute cocaine, and that she had the requisite culpable intent to commit the crime. See Kidder, 869 F.2d at 1332-33. She may not now claim that she was entrapped or that she only conspired with government agents. See id. The district court had sufficient information before it to determine the claims presented by Morales in her section 2255 motion. See Shah, 878 F.2d at 565. Therefore, the district court was not required to conduct an evidentiary hearing on the motion. See id. Accordingly, we affirm the decision of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3