82 F.3d 423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio CAMPOS-ARRELLANO, Defendant-Appellant.
 No. 95-30217.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Campos-Arrellano appeals his one-year sentence following the district court's revocation of his supervised release. Campos-Arrellano contends that the district court erred because: (1) his sentence for revocation of supervised release combined with his sentence for the underlying offense of illegal reentry as a deported alien exceeds the maximum term for that offense, and (2) the district court abused its discretion by imposing a consecutive sentence and not a concurrent sentence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation of both statutes and the Sentencing Guidelines. United States v. Fulton, 987 F.2d 631, 632 (9th Cir.1993) (Guidelines); United States v. Neal, 976 F.2d 601, 602 (9th Cir.1992) (statutes). We affirm.
 
 
 3
 Campos-Arrellano contends that the district court erred by imposing a one-year consecutive term of imprisonment after revoking his supervised release because such a prison term, when combined with the two-year term of imprisonment for the underlying offense exceeds the statutory maximum for the underlying offense of illegal reentry of a deported alien, 8 U.S.C. § 1326(a). We disagree. "Title 18, section 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute." United States v. Purvis, 940 F.2d 1276, 1279 (9th Cir.1991).
 
 
 4
 Campos-Arrellano's argument is foreclosed by Purvis, 940 F.2d at 1279. Campos-Arrellano's argument that Purvis has been "weakened" by the amendment to U.S.S.G. 5D1.1 is without merit. This amendment simply clarified the circumstances under which the court may depart from the requirements of imposing a term of supervised release. See U.S.S.G. 5D1.1. The district court did not err by imposing a one-year sentence.
 
 
 5
 Campos-Arrellano further contends that the district court abused its discretion by imposing a consecutive sentence instead of a concurrent sentence. We disagree. A sentencing court retains the discretion under 18 U.S.C. § 3584(a) to impose a concurrent sentence. United States v. Lail, 963 F.2d 263, 264 (9th Cir.1992) (per curiam). However, in deciding whether to order a sentence to be served concurrently or consecutively, the district court must consider the policy statements and the sentencing factors listed in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b) (1988); Forrester, 19 F.3d at 484; United States v. Conkins, 9 F.3d 1377, 1385 (9th Cir.1993). A district court that knowingly refuses to exercise its discretion by departing from the Guidelines and imposing a concurrent sentence is not subject to appellate review. Lail, 963 F.2d at 264.
 
 
 6
 The district court heard Campos-Arrellano's arguments in favor of a concurrent sentence, understood that it had the authority to grant concurrent sentences and declined to do so. The district court properly considered the fact that Campos-Arrellano had reentered the country only three days after being deported, and that he had committed numerous offenses besides entering the United States illegally. See 18 U.S.C. § 3553(a)(1), (a)(2)(B) (court must consider circumstances of the offense, history and characteristics of defendant, and need for sentence to afford adequate deterrence). The court knowingly declined to exercise its discretion to depart from the guidelines by imposing a concurrent sentence. Such a decision is not subject to review. See Lail, 963 F.2d at 264.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3