**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fidel Enrique RUELAS, Defendant–Appellant.**

**No. 95–10441.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 14, 1996.

Filed Sept. 30, 1996.

As Amended on Denial of Rehearing and Rehearing En Banc Feb. 13, 1997.

Janet S. Bessemer, Assistant Federal Public Defender, John Lambrose, Assistant Federal Public Defender, Las Vegas, Nevada, for defendant-appellant.

Anthony S. Murry, Assistant United States Attorney, Las Vegas, Nevada, for plaintiff-appellee.

Before: BOOCHEVER, JOHN T. NOONAN, JR. and THOMPSON, Circuit Judges.

## ORDER

The opinion filed September 30, 1996 and published at 96 F.3d 1324 (9th Cir.1996) is amended as follows:

The first sentence of the second full paragraph on the right hand side of page 1327 is deleted from the opinion. The deleted sentence reads: "Moreover, the terms 'use' and 'carry' are refinements of the more inclusive term 'possession.'"

[Editor's Note: Amendment incorporated for purposes of publication]

With the foregoing amendment, the panel has voted unanimously to deny the petition for rehearing. Judge Thompson voted to reject the suggestion for rehearing en banc and Judges Boochever and Noonan so recommended.

The full court was advised of the suggestion for en banc rehearing and no judge of the court requested a vote on that suggestion. Fed. R.App. P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

## OPINION

DAVID R. THOMPSON, Circuit Judge:

### OVERVIEW

Pursuant to a plea agreement, Fidel Enrique Ruelas pleaded guilty to possession of methamphetamine with intent to distribute and to carrying a firearm during and in relation to the drug trafficking offense. Although the plea agreement provided that Ruelas waived his right to appeal issues relating to his guilt on these offenses, Ruelas now seeks to vacate his conviction on the firearm offense because, he contends, the indictment failed to charge him with an offense. Ruelas also argues the district court erred in determining his sentence because the court refused to grant him a reduction in his base offense level for being a minor or minimal participant. Finally, Ruelas argues the court erred by refusing to depart downward pursuant to Sentencing Guideline Section 4A1.3.

Although we lack authority to review Ruelas's downward departure argument, we have jurisdiction under 28 U.S.C. § 1291 to review Ruelas's first two arguments, and we affirm.

### FACTS

On January 12, 1995, Ruelas sold fifteen ounces of methamphetamine to an undercover police officer. Officers immediately ar-

rested Ruelas and, during a search incident to his arrest, they discovered a loaded .380 caliber semi-automatic weapon in the waistband of his trousers.

A superseding indictment charged Ruelas with three counts: (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) use or carry of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Pursuant to a plea agreement, Ruelas pleaded guilty to counts one and two. The plea agreement provided:

> In the present case the defendant expressly waives any rights he may have to appeal the adjudication of his guilt and/or the withdrawal of his plea of guilty. The defendant does, however, expressly reserve the right to appeal any issues relating to his sentencing, including any issues related to the application of the United States Sentencing Guidelines.

For count one, the district court determined that Ruelas's base offense level was 25 and his criminal history score was VI, resulting in a guideline range of 110 to 137 months. The district court sentenced Ruelas to 110 months on count one and sentenced him to a consecutive 60 months on count two, as mandated by section 924(c)(1). This appeal followed.

## DISCUSSION

### A. Ruelas's Defective Indictment Argument

Ruelas argues that count two of the indictment is defective. He contends this count fails to allege an offense, because it does not allege that he used or carried a firearm in violation of 18 U.S.C. § 924(c)(1). The prosecution contends we should reject this argument because Ruelas pleaded guilty to count two and waived the right to appeal the adjudication of his guilt.

■ We review de novo whether Ruelas waived his statutory right to appeal. *United States v. Khaton,* 40 F.3d 309, 311 (9th Cir. 1994). The right to appeal is not a constitutional right, but is "purely statutory." *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991); *see also United States v. Navarro–Botello,* 912 F.2d 318, 321–22 (9th Cir. 1990), *cert. denied,* 503 U.S. 942, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992). A waiver of the statutory right to appeal is enforceable if made knowingly and voluntarily. *Bolinger,* 940 F.2d at 480.

■ Ruelas does not argue that his waiver was not made knowingly and voluntarily. Instead, he argues the indictment did not allege an offense against him. If true, the district court's jurisdiction is affected. " 'If [Ruelas's] claim were correct, the indictment would fail to state an offense against the United States and the district court would be deprived of jurisdiction. Because the defect complained of is jurisdictional, [Ruelas's] claim is reviewable.' " *United States v. Mitchell,* 867 F.2d 1232, 1233 n. 2 (9th Cir. 1989) (quoting *United States v. Broncheau,* 597 F.2d 1260, 1262 n. 1 (9th Cir.), *cert. denied* 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979)). Moreover, we have defined jurisdictional claims as "[c]laims that the ... indictment fails to state an offense." *United States v. Montilla,* 870 F.2d 549, 552 (9th Cir.1989) (internal quotations omitted); *United States v. Caperell,* 938 F.2d 975, 977 (9th Cir.1991). Thus, although Ruelas waived his right to appeal in the plea agreement, he could not by that waiver confer jurisdiction on the district court to receive the plea. *Cf. Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1228 (9th Cir.1989) (explaining parties may not waive court's subject matter jurisdiction). We, therefore, conclude that Ruelas did not waive his jurisdictional challenge by waiving his statutory right to appeal.

Ruelas contends count two of the indictment fails to allege each element of an offense under section 924(c)(1) because, in the body of that count, the indictment states only that Ruelas "did possess" a firearm. In *Bailey v. United States,* —— U.S. ——, ——, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995), the Supreme Court concluded that "use" of a firearm under section 924(c)(1) requires proof that the defendant actively employed the firearm and is not satisfied by mere possession. We have concluded that the

term "carry" also is not satisfied by mere possession, and requires proof that the defendant "transported the firearm on or about his or her person." *United States v. Hernandez,* 80 F.3d 1253, 1258 (9th Cir.1996).

■■■ We review de novo the sufficiency of an indictment. *United States v. James,* 980 F.2d 1314, 1316 (9th Cir.1992), *cert. denied,* 510 U.S. 838, 114 S.Ct. 119, 126 L.Ed.2d 84 (1993). Although Ruelas may raise a defective indictment claim at any time, we liberally construe the indictment in this case because he did not object to it before he pleaded guilty. *See id.* at 1318; *United States v. Coleman,* 656 F.2d 509, 510–11 (9th Cir.1981). "When the sufficiency of the indictment is challenged after trial, it is only required that the necessary facts appear in *any form* or *by fair construction* can be found within the terms of the indictment." *James,* 980 F.2d at 1317 (internal quotations omitted) (emphasis in original).

■■■ Although the text of count two alleged only that Ruelas possessed the firearm, the heading of the indictment and the heading of count two charged him with "Use or Carry of a Firearm...." The indictment also refers to the relevant statute, 18 U.S.C. § 924(c), which includes "use" and "carry." Reference to the applicable statute may adequately inform a defendant of the elements of the charged offense. *James,* 980 F.2d at 1317–18.

By alleging Ruelas possessed the firearm during the drug offense, by referring to section 924(c) and by using the terms "Use or Carry" in the headings, count two of the indictment adequately informed Ruelas he was charged with using or carrying a firearm. If Ruelas believed he did not have adequate notice of the elements of the 924(c)(1) offense, he could have resolved any ambiguity by bringing an appropriate motion before pleading guilty. *Id.* at 1318. He did not do so.

We conclude count two of the indictment charges Ruelas with an offense under section 924(c)(1).

**B. Minimal or Minor Participant Adjustment**

■■■ Ruelas contends the district court erred by refusing to grant him a three-point reduction in his base offense level, because, he argues, he was only a minor·or minimal participant in the offense charged in count one, possession with intent to distribute methamphetamine. The district court refused to grant any reduction because it found Ruelas was not in fact a minor or minimal participant. We review this finding for clear error. *United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1147, 130 L.Ed.2d 1106 (1995).

Ruelas argues he was actually a small part of a larger drug trafficking operation and was less culpable in the overall operation than other people involved in it.

■■■ The defendant's role in relevant conduct may provide a basis for an adjustment even if that conduct is not used to calculate the defendant's base offense level. *United States v. Demers,* 13 F.3d 1381, 1383 (9th Cir.1994); *see also United States v. Webster,* 996 F.2d 209, 211–12 (9th Cir.1993). The "touchstone" of determining whether a defendant is entitled to an adjustment is relative culpability. *Demers,* 13 F.3d at 1384.

■■■ In the present case, the district court found that Ruelas was not less culpable and did not play merely a minor or minimal role in the offense. Ruelas negotiated the methamphetamine deal himself and delivered it without assistance. He was not less culpable in possessing the methamphetamine he intended to distribute than any other defendant who possesses methamphetamine intending to distribute it. As the district court stated, "[h]is base offense level does not reflect a scheme or concerted activity of sales of methamphetamine or other drugs." Ruelas is not entitled to a reduction in his sentence simply because he was tied to a larger drug trafficking scheme. *Id.* at 1385 n. 6; *United States v. Olibrices,* 979 F.2d 1557, 1560 (D.C.Cir.1992).

### C. District Court's Refusal to Depart Downward

Ruelas argues the district court erred by refusing to depart downward pursuant to Sentencing Guideline Section 4A1.3. He argues his criminal history score of VI over-represented the seriousness of his criminal history.

A "district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal." *United States v. Eaton,* 31 F.3d 789, 792–93 (9th Cir.1994). At the sentencing hearing, the district court found that Ruelas's criminal history score did not over-represent his criminal history, and it exercised its discretion not to depart downward. We lack authority to review that decision.

AFFIRMED.