141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Reginia VILORIA, Defendant-Appellant.
 No. 97-50236.
DC No.CR-96-01551-LCN.
 United States Court of Appeals, Ninth Circuit.
 Decided March 9, 1998.
Argued and Submitted January 7, 1998 Pasadena, California.
 
 Appeal from the United States District Court for the Southern District of California Leland C. Nielsen, Senior District Judge, Presiding.
 Before LAY**, GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Regina Viloria appeals the sentence imposed following her guilty plea to one count of importation of marijuana (21 U.S.C. §§ 952 and 960) and one count of possession of marijuana with intent to distribute (21 U.S.C. § 842(a)(1)).
 
 
 3
 The only issue is whether the district court erred in refusing to grant a minimal role adjustment. The court found that Viloria was entitled to a minor role adjustment. We review for clear error. See United States v. Ruelas, 96 F.3d 1324, 1327 (9th Cir.1996).
 
 
 4
 There is no question that Viloria drove a car across the border containing contraband. She claimed that she did not have actual knowledge of the contents of the car, but pleaded guilty by acknowledging conscious disregard. See Jewell v. United States, 532 F.2d 697 (9th Cir.1976).
 
 
 5
 Although Viloria offered some evidence to establish that there were other, more culpable participants in the crimes entitling her to a minor participant reduction, she has not offered evidence that establishes that she is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2(b) at cmt. n. 1. Because Viloria was the actual importer of the narcotics and cannot point to anyone more culpable in the crime, she is "not plainly the least culpable" of the participants. See United States v. Davis, 36 F.3d 1424, 1436-37 (9th Cir.1994). Accordingly, the district court's decision to adjust downward for minor participation rather than minimal participation is not clear error.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3