142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jorge Serafin QUINTERO GOMEZ, Defendant-Appellant.
 No. 97-30217.
D.C. No. CR-96-60140-MRH.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the District of Oregon, Michael R. Hogan, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jorge Serafin Quintero Gomez appeals his jury trial conviction and the sentence imposed for possession with intent to distribute more than 100 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). We have jurisdiction pursuant to 28 U .S.C. § 1291, and we affirm.
 
 
 3
 Quintero Gomez contends that the district court erred by denying his motion for mistrial because the government improperly commented on his failure to testify. This contention lacks merit.
 
 
 4
 We review de novo whether a prosecutor's comments during closing argument violated a defendant's Fifth Amendment rights. See United States v. Mende, 43 F.3d 1298, 1301 (9th Cir.1995). Here, the district court did not err in denying Quintero Gomez's motion for mistrial because the prosecutor comments were directed at the defense's failure to provide exculpatory evidence, not Quintero Gomez's failure to testify. See id.; United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991).
 
 
 5
 Quintero Gomez also contends that the district court erred by refusing to decrease his offense level based on his role in the offense under U.S.S.G. § 3B1.2. We review the district court's factual findings in the sentencing phase for clear error, see United States v. Ruelas, 106 F.3d 1416, 1419 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 2470, 138 L.Ed.2d 225 (1997), and disagree. Quintero Gomez failed to demonstrate that he was substantially less culpable than other participants. See id.; U.S.S.G. § 3B1.2, comment. (backg'd) (1995). Furthermore, Quintero Gomez's possession of over five pounds of methamphetamine is ample support for the district court's refusal to decrease his offense level. See United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (recognizing "that possession of a substantial amount of narcotics is grounds for refusing to grant a sentence reduction").
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3