UNITED STATES of America,
Plaintiff–Appellee,

v.

Laura Ann SCHAEFFER,
Defendant–Appellant.

No. 01–50319.
D.C. No. CR–00–03651–EJG.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2002.*

Decided Jan. 25, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before KLEINFELD, HAWKINS, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Laura Schaeffer appeals her 18 month sentence following a guilty plea conviction to one count of bringing in aliens without presentation, in violation of 8 U.S.C.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the

§ 1324. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Schaeffer first contends that the district court erred by denying a minor or minimal role adjustment pursuant to Sentencing Guidelines § 3B1.2. We disagree.

Based upon our review of the record, we conclude that the district court did not clearly err by denying Schaeffer a minor or minimal role adjustment. *See United States v. Ruelas,* 106 F.3d 1416, 1419 (9th Cir.1997) (stating that the denial of a minor or minimal role adjustment is reviewed for clear error). The undisputed facts set out in the presentence report, as adopted by the district court, establish that Schaeffer was paid $400 to drive a vehicle across the border with an alien hidden in a compartment in the vehicle's gas tank. Schaeffer failed to present any evidence either that any other persons were involved in the crime or that this incident was part of a larger alien smuggling scheme. *See United States v. Hernandez–Franco,* 189 F.3d 1151, 1160 (9th Cir.1999) (stating that the defendant "has the burden of proving by a preponderance of the evidence that he is entitled to a downward adjustment based on [her] role in the offense."); *United States v. Davis,* 36 F.3d 1424, 1435 (9th Cir.1994) (stating that the denial of minor or minimal participant status "is heavily dependent on the facts of the particular case, and will be upheld unless it is clearly erroneous.").

■ Schaeffer next contends that the district court improperly applied the preponderance of the evidence standard, rather than the clear and convincing evidence standard, to determine whether it should impose a reckless endangerment enhancement pursuant to Sentencing Guidelines § 2L1.1(b)(5). Here too, we disagree be-

courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

cause the record shows the district court considered application of the heightened standard of clear and convincing evidence in its determination that Schaeffer's conduct warranted an enhancement pursuant to § 2L1.1(b)(5).

■ Finally, Schaeffer contends that the district court erred by imposing a 6 level enhancement for reckless endangerment pursuant to Sentencing Guidelines § 2L1.1(b)(5). We conclude, however, that the district court properly imposed the reckless endangerment enhancement. *See United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000) (stating that the district court's application of the Sentencing Guidelines to the facts of a particular case is reviewed for an abuse of discretion).

Schaeffer was aware that she was transporting an illegal alien, and that the alien was hiding in a small compartment in the vehicle. More significantly, Schaeffer failed to take any steps to ensure that the alien was not exposed to dangerous conditions. See U.S.S.G. § 2L1.1(b)(5), n. 6 (stating that reckless conduct includes transporting persons in the trunk or engine compartment of a motor vehicle, or harboring persons in a crowded, dangerous, or inhumane condition).

AFFIRMED.