UNITED STATES of America,
Plaintiff–Appellee,

v.

Manuel RODRIGUEZ–CRUZ,
Defendant–Appellant.

No. 99–10418.
DC No. CR–99–00269–SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Manuel Rodriguez–Cruz appeals his conviction and 51–month sentence imposed

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

■ The first issue raised is whether Rodriguez–Cruz's conviction should be reversed because the information filed in his case fails to allege the essential elements of the offense of illegal reentry. In his plea agreement with the government, however, Rodriguez–Cruz waived his right to appeal his conviction and sentence. Because, as the United States Supreme Court has recently decided, the deficiencies in the information do not amount to a jurisdictional defect, *see United States v. Cotton,* — U.S. —, —, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002), we conclude that Rodriguez–Cruz has waived his right to appeal on this ground. *Cf. United States v. Ruelas,* 106 F.3d 1416, 1418 (9th Cir.1997) (stating that waiver of right to appeal does not prevent review of jurisdictional defects).

■ The next issue is whether Rodriguez–Cruz's conviction should be reversed because the district court failed to develop an adequate factual basis for his guilty plea. *See* Fed.R.Crim.P. 11(f). To the extent that we may review this claim because the challenge goes to the validity of the plea and the waiver itself, our review would be for plain error because Rodriguez–Cruz failed to challenge the adequacy of the factual basis in the district court. *See United States v. Vonn,* — U.S. —, —, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). We conclude that Rodriguez–Cruz has failed to carry the burden of proving plain error because his challenge relies merely on the ambiguity created by the description of the offense contained in the presentence report, not any affirmative evidence demonstrating that he was, in fact, not "found" in the United States as we defined that term in *United States v. Pacheco–Medina,* 212 F.3d 1162, 1165–66 (9th Cir.2000) (concluding that to be "found" in the United States for purposes of 8 U.S.C. § 1326, the defendant must have "entered" the country, which requires that the defendant be free from official restraint for some period of time after crossing the border).

The final issue is whether the district court improperly enhanced Rodriguez–Cruz's sentence on the ground that he had suffered an aggravated felony prior to deportation. Rodriguez–Cruz's 51–month sentence exceeds the statutory maximum of 24 months for a violation of § 1326(a), illegal reentry without a prior conviction. However, were we to conclude that the evidence did not support application of § 1326(b)(2), we would nonetheless conclude that Rodriguez–Cruz's sentence is not illegal, and that his appeal waiver therefore precludes our review of this issue, because there is adequate evidence to support application of § 1326(b)(1) (requiring merely any felony conviction prior to deportation), which carries a statutory maximum of 10 years. *Cf. United States v. Schuman,* 127 F.3d 815, 818 n. * (9th Cir.1997) (Kozinski, J., concurring) (citing *United States v. Marin,* 961 F.2d 493, 496 (4th Cir.1992), for the proposition that "waiving right to appeal ... would not encompass a sentence in excess of maximum statutory penalty").

We take notice, *sua sponte,* of the fact that the district court's judgment also references 8 U.S.C. § 1326(b)(2), which does not define a separate crime. *See Almendarez–Torres v. United States,* 523 U.S. 224, 234–35, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We therefore affirm the judgment, but remand with directions to correct the judgment by striking the reference to section 1326(b)(2), so that it will unambiguously reflect that Rodriguez–

Cruz was convicted of only one punishable offense pursuant to section 1326(a). *See* 28 U.S.C. § 2106; *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000).

**AFFIRMED and REMANDED.**