**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lavern HANKEY, Defendant—
Appellant.**

No. 01–50534.
D.C. No. CR–00–00907–CM–1.

United States Court of Appeals,
Ninth Circuit.

Submitted April 29, 2002 *.

Decided Oct. 4, 2002.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

MEMORANDUM **

Lavern Hankey appeals his 151–month sentence imposed following his guilty plea

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). Hankey contends that the district court erred in imposing a sentence consecutive to Hankey's undischarged term of imprisonment without first considering whether the sentence should run concurrent and without giving any reason for its decision. We lack jurisdiction to review the district court's decision to impose a consecutive sentence under U.S.S.G. § 5G1.3(a) and dismiss the appeal.

U.S.S.G. § 5G1.3 contains three subsections that concern imposition of sentence on a defendant who is subject to an undischarged term of imprisonment. The first, § 5G1.3(a), governs Hankey's sentence:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment ... the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(a) (2002).

While the language, "shall be imposed to run consecutively," appears to be mandatory, the district court has discretion to impose concurrent terms under 18 U.S.C. § 3584(a). *See United States v. Lail,* 963 F.2d 263, 264 (9th Cir.1992).

However, under *Lail,* a district court's decision to impose a consecutive rather than concurrent sentence under § 5G1.3(a) is a discretionary refusal to depart downward under the sentencing guidelines and, thus, is not subject to appellate review. 963 F.2d at 264. While in this instance, the district court did not indicate that it knew it had the authority to order concurrent sentences, "[f]ailure to depart without comment on the authority to do so does

not convert a discretionary departure into a sentence imposed in violation of the law." *United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir.1991). Nothing in the district court's decision indicates that it was unaware of its discretion to depart. Thus, we do not have jurisdiction to review its decision to impose a consecutive sentence. *See United States v. Ladum,* 141 F.3d 1328, 1344 (9th Cir.1998).

DISMISSED.