**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Marcus DICKERSON, Defendant—
Appellant.**

No. 01–10740.

D.C. No. CR–97–05217–AWI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided March 7, 2003.

Before NOONAN, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Defendant Marcus Dickerson was found guilty by a jury of several offenses related to the possession and distribution of cocaine and was sentenced to 151 months in prison. He appeals his conviction and sentence on multiple grounds. Because the parties are familiar with the facts, we recite them only as necessary. We reverse his conviction as to the charge contained in Count Four of the Second Superseding Indictment (violation of 21 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 841(a)(1), possession of cocaine with the intent to distribute, related to the June 15, 1997 incident) and affirm the remainder of the judgment. As it appears that the reversal of the conviction on Count Four does not affect Dickerson's sentence, we affirm that sentence as well.

■ First, Dickerson challenges the sufficiency of the evidence as to the counts alleging possession with intent to distribute. We "review the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hernandez–Herrera*, 273 F.3d 1213, 1218 (2001) (citation omitted). As to Count Five, it is clear that a rational jury could have found the elements of the charges against Dickerson beyond a reasonable doubt. Physical and testimonial evidence supported the conclusion that on August 2, 1997, Dickerson possessed cocaine in large enough quantities to suggest that he had the requisite intent to distribute it. Dickerson was seen carrying a soda carton after meeting with his alleged supplier. After he attempted to evade police following a vehicle stop, the soda carton was found empty nearby and approximately one kilogram of cocaine was found in his line of flight. The jury made a reasonable and legitimate inference that Dickerson had purchased and possessed that cocaine.

■ By contrast, with respect to Count Four, even drawing all inferences in favor of the government, there is insufficient evidence that Dickerson had possessed any illegal substance on June 15, 1997. Under extensive surveillance, Dickerson was observed leaving the alleged supplier's apartment *without any object* in his possession. Further, the government never recovered any actual or circumstantial evidence that

Dickerson in fact possessed any illegal substance on June 15, 1997. The evidence as to that particular episode appears limited to cryptic wiretapped telephone discussions between Dickerson and his alleged supplier, suggesting that Dickerson was lining up a purchase of a substantial quantity; observation of Dickerson going into the apartment building in which his alleged supplier lived, remaining inside for about 15 minutes, and departing, without carrying anything in his hands or anything that could be seen on his body; and observation of Dickerson running a red light while driving away from the alleged supplier's apartment. Although perhaps suspicious and possibly supportive of the charge of conspiracy, that evidence is insufficient to establish the element of "possession," which was charged in Count Four. We thus conclude that it is necessary to reverse Dickerson's conviction on that count.

■ The reversal on Count Four will not affect Dickerson's sentence. The district court explicitly disregarded the quantity allegedly purchased and possessed on that day in calculating the sentence to be imposed upon Dickerson. Thus, our reversal of the conviction on Count Four does not require us to vacate Dickerson's sentence.

■ Second, Dickerson challenges the use of testimony by a government informant because he alleges that the informant was given something of value in exchange for his trial testimony, in violation of 18 U.S.C. § 201(c)(2), bribery of public officials and witnesses. That argument has previously been rejected by this court. *United States v. Mattarolo*, 209 F.3d 1153, 1160 (9th Cir.2000); *United States v. Smith*, 196 F.3d 1034, 1040 (9th Cir.1999).

■ Third, Dickerson contests the two-level enhancement of his sentence for possession of a firearm during the commission

of a drug offense under U.S.S.G. § 2D1.1(b)(1). We review a district court's finding that defendant possessed firearms in connection with a drug conspiracy for clear error. *United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir.1997). There was no error here. We have recognized the likely connection between firearms and drug trafficking and have held that "[i]n applying this enhancement, the court need not find a connection between the firearm and the offense. If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate." *United States v. Lopez–Sandoval*, 146 F.3d 712, 715–16 (9th Cir.1998) (citation omitted). Proof is not required that the firearm was present at the scene of the offense. "[T]he key is whether the gun was possessed during the course of criminal conduct, not whether it was 'present' at the site." *Id.* at 715 (citation omitted). Dickerson was found guilty of a conspiracy that continued up to and including September 4, 1997. Less than a week later, on September 10, 1997, law enforcement personnel confiscated numerous weapons, including a stolen handgun, during a search of Dickerson's residence. It was reasonable to infer that Dickerson possessed those firearms during the conspiracy period. Dickerson did not offer any evidence to the contrary, notably anything to suggest that the firearms had not been in his possession during the relevant period.

■ Finally, Dickerson argues that the district court erred in failing to grant him a number of downward departures. He contends that he is entitled to a sentencing reduction under U.S.S.G. § 3B1.2(b), "[i]f the defendant was a minor participant in any criminal activity." We review for clear error. *United States v. Ruelas*, 106 F.3d 1416 (9th Cir.1997) (en banc). The district court did not err in determining that Dickerson did not play a minor role. *See id.* at 1419. Dickerson was an active, leading participant in the charged offenses.

■ Dickerson also argues that the district court erred in refusing to grant any downward departures on the grounds that his criminal history was over-represented, and that extraordinary rehabilitation, family ties, and acceptance of responsibility should have been mitigating factors in his sentencing. A district court's discretionary refusal to depart from the sentencing guidelines is not reviewable on appeal. *United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir.2002).

We REVERSE the conviction on Count Four, but AFFIRM the remainder of the judgment against Dickerson, including the sentence.

AFFIRMED IN PART and REVERSED IN PART.

CLIFTON, Circuit Judge, concurring in part and dissenting in part.

I concur with most of the memorandum, but respectfully dissent from the reversal of the conviction on Count Four. I do not believe that it was unreasonable for the jury to conclude that Dickerson purchased and possessed cocaine on June 15, 1997 with intent to distribute. The similarity between the June and the August episodes, notably in the wiretapped telephone conversations and the visit to the source's apartment, is striking. The fact that the alleged supplier to Dickerson insisted in a telephone conversation just prior to their meeting on June 15 that Dickerson come to the supplier's apartment alone and leave any companions in the truck outside—a procedure Dickerson agreed to and followed by leaving his brother sitting alone for approximately 15 minutes while he went inside by himself—particularly supports a conclusion that the meeting was not a casual or innocent social call. It is

also noteworthy that after leaving the alleged supplier's apartment complex, Dickerson stopped at a red traffic light at an intersection of two busy roads, signaled for a left turn, but then went straight across the intersection against the red light, despite the traffic. That maneuver could easily be inferred to have been a deliberate and evasive effort by Dickerson to avoid observation or search while he was carrying illegal drugs. Indeed, the evasive maneuver was successful. That's how Dickerson lost the investigator who had been watching him.

That Dickerson was not seen to be carrying anything after meeting with the alleged seller on June 15 and that no drugs were seized or found that day certainly weigh against the government's case on Count Four, but too much should not be made of those "non-observations." They do not make a compelling case that he had *not* obtained illegal drugs from the seller. The opportunity to observe Dickerson that day was limited. The quantity allegedly purchased was not so great that it could not have been hidden under his shirt when he walked from the apartment building to his truck in the parking lot. His subsequent dash in his truck across the intersection against the red light prevented surveillance beyond that point. It is more difficult to obtain a conviction for murder when the victim's body is never found, but it is not impossible. The absence of the drugs themselves on June 15 does not mean that the evidence here was insufficient. I would affirm the entire judgment.