UNITED STATES of America, Plaintiff—Appellee,

v.

Ronald MALTA, Defendant—Appellant.

No. 02–10178.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 17, 2003.

---

Florence T. Nakakuni, Esq., Honolulu, HI, Thomas M. Gannon, U.S. Department of Justice, Washington, DC, Jonathan L. Marcus, U.S. Department of Justice, Criminal Division, Appellate Section, Washington, DC, for Plaintiff–Appellee.

Stuart N. Fujioka, Esq., Nishioka & Fujioka, Honolulu, HI, for Defendant–Appellant.

Before: REINHARDT, THOMAS, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Ronald Malta pled guilty to, and was convicted of, using a communications facility to facilitate a drug-trafficking crime, in violation of 21 U.S.C. § 843(b) and of conspiring to possess crystal methamphetamine ("ice") with the intent to distribute it, in violation of 21 U.S.C. § 846. The court sentenced Malta to imprisonment for concurrent terms of 48 months and 138

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

months, respectively. Malta raises several challenges in connection with his sentence. As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We affirm.

## I.

■ Malta's undisputed status as a career offender appears to render the distinction between D-methamphetamine and L-methamphetamine in this case irrelevant. Pursuant to Sentencing Guidelines § 4B1.1, the offense statutory maximum establishes a career offender's offense level. As the statutory maximum for the conspiracy to possess with intent to distribute offense to which Malta pled guilty is life imprisonment regardless of the kind of methamphetamine involved in the offense, Malta's offense level under § 4B1.1 is automatically 37. *See* 21 U.S.C. § 841(b)(1)(A)(vii); U.S. SENTENCING GUIDELINES ("USSG") § 4B1.1.

The district court nonetheless correctly determined that a preponderance of the evidence demonstrated that D-methamphetamine was involved in Malta's offenses. A district court's determination of the type of methamphetamine involved in an offense is a factual finding reviewed for clear error. *See United States v. Dudden*, 65 F.3d 1461, 1470 (9th Cir.1995). Malta explicitly pled guilty to conspiring to possess and distribute "ice," a substance containing D-methamphetamine of at least 80 percent purity. *See* USSG § 2D1.1, Drug Quantity Table Note (c). Additionally, as L-methamphetamine has *"no* street value whatsoever and no physiological effect desired by its buyers," Malta's assertion that he intended to distribute L-methamphetamine at $9,000 a pound is, to say the least, difficult to believe. *United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996) (emphasis added).

## II.

■ The district court did not commit clear error by enhancing Malta's sentence by three levels pursuant to Sentencing Guidelines § 3B1.1(b) for his role as a manager or supervisor in the offense. We review for clear error the district court's determination that the defendant qualifies for a role adjustment. *See United States v. Ruelas*, 106 F.3d 1416, 1419 (9th Cir. 1997).

Though Malta concedes that his career offender status independently establishes his overall offense level of 37, he argues that a role enhancement will affect the conditions of his imprisonment. Guidelines § 3B1.1(b) states that a defendant's offense level is increased by three levels "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). The district court's determination that Malta's offense level should be increased as a result of his role as a manager or supervisor is substantially supported by the record. First, the offense clearly involved five or more persons; specifically, Brenda Malta, James Malta, Lii, Naki, Candelaria, and Garcia. Second, as Malta concedes, in "much of the evidence people indicate that they are going to check with [him] or seem to relay orders or commands from him." Indeed, Brenda Malta and James Malta acknowledged in their plea agreements that Malta's instructions primarily determined their actions.

Though Malta presents a single ambiguous reference to Brenda Malta's purported role as a leader in the offense, that does not outweigh the substantial evidence relied upon by the district court demonstrating Malta's role as a manager or supervisor. Moreover, as the finder of fact, the district court is entitled to significant def-

erence in resolving any evidentiary conflicts in the record. *United States v. Goode,* 814 F.2d 1353, 1355 (9th Cir.1987).

## III.

The district court did not err in declining to reduce Malta's sentence for credit for time served. 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing," *United States v. Wilson,* 503 U.S. 329, 334, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); such authority rests solely with the Board of Prisons. Malta's argument also fails on the merits. Because his federal incarceration from December 1995 to October 1997 was credited against his state sentence, Malta is ineligible for credit for time served under 18 U.S.C. § 3585(b).

Nor did the district court err in having Malta's state and federal sentences run consecutively. Under Sentencing Guidelines § 5G1.3(a), Malta's "sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment" because his "instant offense was committed while [he] was serving a term of imprisonment." USSG § 5G1.3(a). Though the district court retains discretion to order concurrent sentences under 18 U.S.C. § 3584(a) despite the language of § 5G1.3(a), a district court's decision *not* to depart from an individual's indicated guidelines range by ordering concurrent terms is within the unreviewable discretion of the district court. *United States v. Lail,* 963 F.2d 263, 264 (9th Cir.1992)

## IV.

Malta's plea agreement was voluntary and valid even though the district court failed to advise him that his state and federal sentences could run consecutively. The Ninth Circuit reviews de novo the voluntariness of a guilty plea. *See United States v. Kikuyama,* 109 F.3d 536,

537 (9th Cir.1997). If a district court lacked discretion to order concurrent sentences and declined to inform a defendant that his sentences must run consecutively, the defendant's plea would be "invalid because the consecutive sentence [is] a direct consequence of the plea." *United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989). The Ninth Circuit, however, has explicitly held that the district court retains the discretion to order concurrent sentences under § 5G1.3(a). *Lail,* 963 F.2d at 264. The imposition of consecutive sentences in this case therefore was not a "direct consequence" of Malta's guilty plea and his due process rights were accordingly not violated.

**AFFIRMED**