**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Derek MEYER GALANIS, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Rafael Hernandez, Defendant—**
**Appellant.**

Nos. 03–50610, 04–50014.
D.C. No. CR–01–03177–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Nov. 15, 2004.

Roger W. Haines, Jr., Asst. U.S. Atty., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Demetra Lambros, DOJ—U.S. Department of Justice, Washington, DC, William R. Burgener, Janice M. Deaton, San Diego, CA, for Defendants–Appellants.

Before GOODWIN, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Derek Meyer Galanis and Rafael Hernandez–Mendez both pled guilty to conspiracy to manufacture and distribute ecstasy in violation of 21 U.S.C. §§ 846 and 841(a)(1). Hernandez–Mendez now appeals the district court's refusal to grant a minor role adjustment to his sentence under U.S.S.G. § 3B1.2. Galanis appeals the district court's (1) order denying his motion to dismiss the indictment for government misconduct; (2) failure to make factual findings as required by Fed.R.Crim.P. 32; and (3) refusal to grant a minor role adjustment to his sentence.

■ We affirm Hernandez–Mendez's sentence. The record adequately demonstrates that the district court found that Hernandez–Mendez was not substantially less culpable than the other participants considering his role in the conspiracy in relation to his co-conspirators. *See United States v. Pena–Gutierrez,* 222 F.3d 1080, 1091 (9th Cir.2000) (holding that the defendant has the burden of proving by a preponderance of the evidence that he was substantially less culpable than other participants); *see also United States v. Ruelas,* 106 F.3d 1416, 1419 (9th Cir.1997) ("The 'touchstone' of determining whether a defendant is entitled to [a minor role] adjustment is relative culpability."). The record supports the district court's finding and therefore denial of his request for a minor role adjustment was not clearly erroneous.

We also affirm Galanis's conviction. Dismissal for outrageous government conduct is appropriate only in "extreme cases in which the government's conduct violates fundamental fairness and is 'shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment.'" *United States v. Gurolla,* 333 F.3d 944, 950 (9th Cir.2003) (citing *United States v. Russell,* 411 U.S. 423, 431–32, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973)). The district court properly found that the government did not withhold exculpatory *Brady* material. *See Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Because Galanis's remaining allegations of prosecutorial misconduct do not demonstrate extreme or shocking conduct, the district court did not err in refusing to dismiss the indictment.

■ However, as to sentencing, the government concedes that the district court violated Fed.R.Crim.P. 32 by failing to (1) make findings on contested facts; and (2) give Galanis an opportunity for allocution before sentencing. Errors in sentencing generally require remand for resentencing on an open record, "without limitation on the evidence that the district court may consider." *See United States v. Matthews,* 278 F.3d 880, 885 (9th Cir.2002) (en banc). We therefore vacate Galanis's sentence and remand to the district court for resentencing on an open record. We express no opinion as to whether a minor role sentencing adjustment was warranted as to Galanis, but grant him leave to reassert this claim on remand.

The government has moved to strike two new arguments raised by Galanis for the first time in his reply brief. The motion is DENIED as moot. Galanis may raise these claims on remand for the district court to consider in the first instance on resentencing.

Hernandez–Mendez's sentence is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Galanis's conviction is AFFIRMED, but his sentence is VACATED and REMANDED for resentencing on an open record.