**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jimmy SANCHEZ, Defendant–
Appellant.**

No. 05–50723.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Dec. 1, 2006.

Becky S. Walker, Esq., Robert Edward Dugdale, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: B. FLETCHER, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM *

Jimmy Sanchez challenges his consecutive life sentence for racketeering, RICO conspiracy, conspiracy to distribute narcotics on the street, conspiracy to distribute narcotics in the penal system, and conspiracy to murder. At the time of his conviction, Sanchez was serving a sentence of 37 years to life in California state prison for his participation in a 1989 first degree murder and attempted murder. He asserts that the district court misapplied the sentencing guidelines by relying on impermissible factors in its analysis and that

requiring the sentences to run consecutively is unreasonable.[1] We reject appellant's arguments and affirm the district court's judgment.

Because appellant already was serving a 37–years–to–life sentence at the time the instant offenses were committed, 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(a) govern the question of whether defendant's sentences should run concurrently or consecutively. *United States v. Arellano–Torres*, 303 F.3d 1173, 1180 (9th Cir.2002). Section 3584 states that multiple prison terms should run consecutively unless the district court orders them to run concurrently. 18 U.S.C. § 3584(a). In making this determination, the court should consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

. . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C. § 3553(a). Finally, § 5G1.3(a) reads: "If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a). While § 5G1.3(a) appears, on its surface, to be a mandatory provision, we have made clear that "the district court retains the discretion to order a concurrent term. . . ." *United States v. Lail*, 963 F.2d 263, 264 (9th Cir.1992) (per curiam).

In this case, the district court explicitly recognized that it had the discretion to impose a concurrent sentence but decided to run the sentences consecutively after reviewing all of the relevant § 3553(a) factors. Moreover, the record does not support appellant's argument that the court considered "impermissible" factors at any point in the sentencing proceeding. When read in their appropriate context, the district court's purportedly impermissible remarks are either extraneous to the court's decision or supported by the relevant sentencing statutes. Appellant has not raised a single argument in favor of concurrent sentencing and none is obvious to this Court.

Appellant also argues that consecutive life sentences are unreasonable because it is physically impossible to serve more than one life sentence. Appellant points to no legal authority in support of this novel position and provides no additional argumentation on its behalf.

To state the obvious, appellant will be required to serve only one life sentence, and thus the second sentence will be some-

---

1. Sanchez does not contest the district court's decision to sentence him to life in prison, just the court's decision to run the sentences consecutively. As he concedes, this distinction has no impact on the prison term he eventually will serve.

what of a formality;[2] the purportedly "unreasonable" sentence will be the same length as the sentence sought by appellant. Furthermore, the district court considered all of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), as required by *United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir.2006), *cert. denied* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006). Appellant's sentence is neither procedurally nor substantively unreasonable. Therefore, we affirm the sentence.

**AFFIRMED.**

---

**2.** Parole from state prison is, of course, a possibility.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.